

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CASE NO. 9:04-CR-20(8) |
| | § | |
| **OTIS ONEIL ROLAND** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Otis Oneil Roland, violated conditions of supervised release imposed by United States District Judge Ron Clark of the Eastern District of Texas. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #302]. The Court conducted a hearing on May 1, 2007, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 28, 2006, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of bringing in and harboring certain aliens, a Class C felony. Judge Clark sentenced Mr. Roland to fifteen (15) months imprisonment followed by two years supervised release subject to the standard conditions of release, plus special conditions to include shall provide the probation officer access to financial information and participate in a program of testing and treatment for drug abuse. On May 26, 2005, Otis Oneil Roland completed his period of imprisonment and began service of the supervision term.

On May 15, 2006, the Court modified Mr. Roland's conditions of release to include the defendant shall reside and participate in a community confinement center, halfway house, or similar

facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. *See Request for Modifying the Conditions or Term of Supervision with Consent of the Offender* [Clerk's doc. #299].

### B. Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

> *The defendant shall reside and participate in a community confinement center, halfway house, or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.*

Specifically, the defendant was discharged from the halfway house on September 5, 2006, after testing positive for alcohol use, a violation of the facility rules.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would offer evidence showing that the Court modified Mr. Roland's conditions of supervision to include residing in a community confinement center, halfway house, or similar facility, and that the defendant was ordered to abide by the rules of that facility. The Government would then provide, as an exhibit, a letter from a case manager at County Rehabilitation Center, Inc., in Tyler, Texas. That letter would show that Mr. Roland was released from the Center for program failure on September 5, 2006, for failing to follow the rules and regulations of the Center.

Defendant, Otis Oneil Roland, offered a plea of true to the allegations and agreed with the evidence presented by the Government. Specifically, Mr. Roland pled true to the allegation that he

was released from the County Rehabilitation for failing to abide by the Center's rules and regulations in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a standard condition of his supervised release by failing abide by the rules of the community confinement center. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).; 18 U.S.C. § 3583(g).

Based upon Mr. Roland's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from four (4) to ten (10) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3). The Sentencing Guidelines also provide that the Court shall order that any term of community confinement which remains unserved at the time of revocation be served in addition to any sanction imposed for revocation under U.S.S.G. § 7B1.4, and that any such unserved period of unserved community corrections confinement may be converted into an equivalent period of imprisonment. *See* U.S.S.G. § 7B1.3(d).

According to Fifth Circuit precedent, Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is, and has always been, only advisory. *See United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005); *United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963

F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Therefore, the Court will take into account the facts of this case in determining the appropriate resolution of Mr. Roland's failure to comply and the resulting revocation. The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

Here, the evidence and Defendant's own admission supports a finding that he was terminated from the rehabilitation center when he consumed alcohol in violation of the Center's rules and, therefore, violated Court-imposed conditions of his supervised release. In voluntarily pleading true, the defendant was candid in admitting that he committed a wrongdoing. He also allocuted to the Court.

The record shows that Mr. Roland has experienced compliance difficulties in the short amount of time he has been on supervision. While he was able to complete the first ninety (90) days in the community confinement center, he was unsuccessfully terminated before completing the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

remaining ninety (90) days as ordered by the Court. The Court and Mr. Roland's probation officer have made several attempts to help him, including modifying his supervision rather than previously revoking him and attempting to help him with the placement in the community confinement center. The probation officer has been willing to utilize his office's resources to help Mr. Roland by offering the placement in a such a center for treatment and/or guidance as part of his supervision conditions. However, Mr. Roland still could not abide by the rules of the center and was unable to refrain from the use of alcohol. This conduct is enough to support a revocation of his supervised release under the relevant statute and the Guidelines. 18 U.S.C. § 3583 and the Sentencing Guidelines clearly gives the Court the authority to impose a term of imprisonment for failure to comply with supervision conditions.

At the same time, the Court also recognizes Mr. Roland's personal struggles with substance abuse and his willingness to admit to wrongdoing. Accordingly, the undersigned concludes that a term of imprisonment within the middle (rather than minimum or maximum) of the Grade C violation Guideline range (as a sanction for the revocation), plus an imprisonment term for the unserved time in the community confinement center, is an appropriate sentence for Mr. Roland's violation of supervision conditions.

Based upon the plea of true and the evidence presented in this case, the undersigned recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **six (6) months plus ninety (90) days imprisonment**, with credit for time served in federal custody on this revocation proceeding.

The six (6) months should be imposed as a sanction within the Grade C Guideline Range for the revocation under U.S.S.G. § 7B1.4. The additional ninety (90) days should be statutorily imposed for the amount of time that Mr. Roland failed to complete in the community confinement center.

The Court further recommends that Mr. Roland receive no further supervision term upon his release. Unfortunately, he has been afforded many opportunities while on supervised release to rehabilitate himself, and the Probation Office has expended time and effort in attempting to help Mr. Roland. However, the record reflects that those efforts yielded little improvement in the way of compliance with his court-ordered conditions of supervision.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's

report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 5th day of May, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE